IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TIMMY ANTONIO DAWSON, #681033,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-1274-L |
| | ) | ECF |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for a writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently incarcerated at the Michael Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Tennessee Colony, Texas. Respondent is the Director of the TDCJ-CID. No process has been issued in this case.

Statement of the Case: Following his plea of not guilty, a jury convicted Petitioner of murder in the 291st District Court, Dallas County, Texas, in Cause No. F94-40449. (Amended Petition (Amd. Pet.) at 2). Punishment was assessed at 99 years imprisonment. (Id.). His conviction and sentence were affirmed on direct appeal. See Dawson v. State, No. 05-94-00891-

CR (Tex. App. -- Dallas, 1998).  Thereafter, this Court denied his first federal habeas corpus petition on the merits, and dismissed his second federal petition as successive, see Dawson v. Johnson, 3:99cv1984-T (N.D. Tex. Oct. 19, 2000); Dawson v. Cockrell, 3:02cv2236-D (N.D. Tex. Dec. 20, 2002).

Petitioner then filed a motion for post-conviction DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure.  On March 15, 2004, the trial court denied the motion.  Although Petitioner appealed, his notice of appeal was untimely and his appeal was dismissed for want of jurisdiction.  Dawson v. State, No. 05-04-00669-CR (Tex. App. – Dallas  Jun. 25, 2004, no pet.).

Instead of coming to federal court, Petitioner filed a state habeas application pursuant to art. 11.07, Texas Code of Criminal Procedure, challenging the denial of his motion for DNA testing.  (Amd. Pet. at 3-4).  The Texas Court of Criminal Appeals dismissed the writ on June 7, 2006.  Ex parte Dawson, No. 29,273-08.

On July 17, 2006, Petitioner filed this federal habeas petition, challenging the denial of his motion for DNA testing, and alleging that counsel rendered ineffective assistance when he misled Petitioner with respect to the filing of the notice of appeal from the order denying his motion for DNA testing.[1]

Findings and Conclusions:  The instant petition is subject to the screening provisions set out in 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty

---

[1] On July 3, 2006, Petitioner filed a federal habeas petition challenging his underlying murder conviction in No. F94-40449.  See Dawson v. Quarterman, No. 3:06cv1190-B (N.D. Tex.).  On August 21, 2006, Magistrate Judge Paul D. Stickney filed findings and conclusions and recommended that the petition be transferred to the Fifth Circuit Court of Appeals because it was second or successive.

Act of 1996 (AEDPA).  That section provides that a second or successive habeas petition pursuant to § 2254 must be certified by a panel of the appropriate court of appeals before it can be heard in the district court.  See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  In Crone v. Cockrell, the Fifth Circuit stated that "'§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until . . . [the Fifth Circuit] has granted the petitioner permission to file one.'" 324 F.3d 833, 836 (5th Cir. 2003) (quoting United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000)).

In general, "a later petition is successive when it:  1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."  Crone, 324 F.3d at 836-37.

Although Senate Bill 3, passed on June 6, 2001, and now codified in Tex. Code of Crim. P. Ann. arts. 64.01-64.05 (Vernon Supp. 2003), did not exist on the date Lang's initial § 2254 petition was denied on the merits, his present petition is "functionally" a second or successive petition for habeas corpus relief.  See Rogers v. Cockrell, 2003 WL 21246099, at *2, No. 4:02-CV-954-Y (N.D. Tex., Fort Worth, Apr. 14, 2003) (citing Kutzner v. Cockrell, 303 F.3d 333, 338-39 (5th Cir. 2002) (holding that § 2254 petition challenging denial of motion for DNA testing constituted a successive habeas petition).  This court is, therefore, without jurisdiction to consider the present petition.  Crone, 324 F.3d at 838; Kutzner, 303 F.3d at 338-39.

Accordingly, the petition should be dismissed for want of jurisdiction.  Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or

3

successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). See <u>In re Epps</u>, 127 F.3d 364, 364-65 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

<u>RECOMMENDATION</u>:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be dismissed for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

The Clerk will mail a copy of this recommendation to Petitioner.

Signed this 30th day of August, 2006.

*/s/ Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.