IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TIMMY ANTONIO DAWSON, # 681033**, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:06-CV-1274-L** |
| | § | |
| **NATHANIEL QUARTERMAN, Director**, | § | |
| **Texas Dept. of Criminal Justice,** | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

## ORDER

This is a habeas case brought under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b) and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On August 30, 2006, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") were filed, to which no objections were filed.

Petitioner Dawson, convicted of murder the 291st District Court of Dallas County, Texas, brought this petition on July 3, 2006, to challenge a state denial of his post-conviction motion for DNA testing and alleging ineffective assistance of counsel in filing an appeal of that state denial.[*] Not including the petition filed simultaneous to this current petition, Dawson has filed two previous federal habeas corpus petitions. The first federal petition was denied on the merits. *Dawson v. Johnson*, 3:99-CV-1984-T (N.D. Tex. Oct. 19, 2000). The second was dismissed as successive.

---

[*]Petitioner simultaneously filed a separate federal habeas petition on July 3, 2006, challenging his underlying murder conviction. *Dawson v. Quarterman*, No. 3:06-CV-1190-B (N.D. Tex. Sept. 21, 2006) (transferring the petition to the Fifth Circuit Court of Appeals because it was successive).

**Order – Page 1**

*Dawson v. Cockrell*, 3:02-CV-2236-D (N.D. Tex. Dec. 20, 2002).  Under 28 U.S.C. § 2244(b)(3)(A), a second or successive habeas petition pursuant to § 2254 must be certified by a panel of the appropriate court of appeals before it can be heard in the district court.  The magistrate judge found that the petition should be dismissed for want of jurisdiction.  After making an independent review of the pleadings, file and record in this case and the magistrate judge's Report, the court determines that the findings and conclusions of the magistrate judge are correct.  The magistrate judge's findings and conclusions are, therefore, **accepted** as those of the court.  Accordingly, the court **dismisses without prejudice** Petitioner's petition for the writ of habeas corpus for want of jurisdiction.  This petition cannot be heard until the United States Court of Appeals for the Fifth Circuit rules that it can be heard.  The dismissal is, therefore, without prejudice to Petitioner's right to file a motion for leave to file a second or successive petition for habeas relief with the Fifth Circuit.

    **It is so ordered** this 29th day of September, 2006.


Sam A. Lindsay
United States District Judge

**Order – Page 2**